May it please the court, counsel for the government. When the district court sentenced Dennis Moslavac to nine months in custody with an additional year of supervised release to follow, it erred because it failed to apply the explicit balancing test required under Rule 32.1b2c and that error was not harmless. When we take a look at what happened in Mr. Moslavac's case, it's contested supervised release hearing before the district court, Mr. Moslavac objected to any evidence being entered on the record that would have been deemed hearsay that would have come from the child witness. The government proposed that that evidence come through the child's father who was not present at the time of one of the instances that was contested at that supervised release hearing. The government believed that was admissible. When we appeared before the district court for the contested hearing, no balancing test was conducted by the court. The government did not offer a single reason for why they did not produce the child witness. Ms. Scott, in a written response, didn't the government file a response to the defendant's pre-revocation hearing memo and in that set out the nine-year-old shouldn't testify? Your Honor, the government did reply to the pre-revocation memo that was filed to the court. However, when we went to the hearing there was no additional conversation and again the court did not explicitly make a finding under 32.1. It's true that in the government's response to in the government's reply brief that they proposed that the court implicitly found that the implicitly conducted the balancing test. However, the rule does not require an implicit finding. It requires an explicit finding and that was not done on the record. It was not done at any other point. And beyond that, the reason why it's important is because the only means for which the government attempted to prove that particular violation was through the testimony of the minor child's father. But for that testimony, that violation could not have been proven and so the error is not harmless when we look at the fact that there were other C-grade violations for which the court could have found and imposed the same sentence. The reason why it's important is because the court, when it went through the colloquy and announcing the nine-month sentence and imposing that additional year of supervised release when Mr. Moslavik was shy of two months from being released from supervised release altogether, it went through great lengths to go through the July 12 incident that was contested and again was only testified to by the father. And so... That warning will not be charged against your son. Thank you, I appreciate it. When you're talking about whether or not, let's give you that this testimony was admitted erroneously. The violation of supervised release could have been found and he could have been sentenced to nine months without any evidence about the July 12 incident, right? I agree, Your Honor. However, it was the, you know, it's prerogative of the government to present that evidence is the first thing I would say. And then when the government elected to allow that, when the government offered the court the opportunity to not rule on the July 12 incident and to simply move forward on the other C-grade violations and to sentence Mr. Moslavik on those other C-grade violations, the court declined to do so. And so the court clearly, in our estimation, used the July 12 incident as part of the fact of the July 12 incident into the ultimate sentence that was handed down to Mr. Moslavik. You're saying there's no way to tell based on the court's words how the court would have sentenced without the July 12 incident. That is correct, Your Honor. So if we found reversible error, what would you want on remand? A new sentencing hearing? Your Honor, we would want a new sentencing hearing before another judge. We believe that it is impossible for the judge to ignore the evidence that was heard on the July 12 incident and then to decide, to make a determination as to what the appropriate sentence is without that information. And so we would ask that it be reversed and remanded for a new sentencing before a judge. And of course, I have no further questions. I have no further argument. Thank you. Thank you, Ms. Scott. Mr. Koenig. Good morning. May it please the Court. My name is Jonathan Koenig and I appear on behalf of the United States. I hope that my argument will not set off any alarm bells here this morning. We're asking you to affirm the defendant's revocation sentence. And there are several layers to our argument. Well, let's begin with Rule 32, which really says it has to be an explicit balance. And then our Jordan case, which basically says that it can't be an implicit balance, that it must explicitly balance the interest and how that order, the court's words, actually explicitly did that. Because I don't see that. Your Honor, we acknowledge that Judge Randa did not announce. I am, I am now going to balance these factors under Rule 32.1. And, but a good chunk of the analysis is in the record, regardless. The judge talked at length about why he found the evidence reliable. And this Court's decision in, decisions in Jordan and Mosley established that that gets you much of the way over this Rule 32.1. hurdle. He also talked and acknowledged the importance of confrontation rights. So it's not as though he was blowing right past what are considered due process rights in this context. The only thing that really wasn't addressed explicitly was the government's cause for not putting this little girl on the stand. And I would submit, Your Honors, that that should have been obvious. It didn't really need to be belabored by counsel or the Court. And that's actually a good segue to the first part of my harmless error argument, which is, you know, if you do an explicit analysis, it comes out in favor of admitting this testimony. The other part of our harmless error argument is, of course, that there were five other Grade C violations, including another, you know, comparably serious assault-type crime. But we don't have the Court saying that he would have given the same sentence without the July 12 incident, do we? We do not, Your Honor. But actually, that leads to my final point, which has to do with remedy. I think it's respectfully a bit of overreaching to ask that this case, in the event of a finding of error, be sent back to a different sentencing judge. There's really no basis for reassigning this case if it's remanded. All the Court needs to do if it finds error is ask Judge Miranda, okay, does this evidence survive the balancing test? And if it doesn't, how do you decide the case without the July 12 evidence? It seems, at the very most, the defendant would be entitled to that kind of limited remand, you know, absent some sort of inappropriate comments by the judge or evidence that he was being unfair to the defendant or partial to the government. Your Honors, I'm content to rest on our brief at this point, but I'm happy to answer any additional questions. Well, one thing, the government actually asked the Court not to consider or make findings on the July 12 incident, but just go forward with the other violations, and the Court chose to go forward, right? That's correct, Your Honor. Which indicated, at least some indication, the Court thought that was significant or that incident was significant. I'm not sure how much I would want to read into that, Your Honor. Right. But you're correct that the judge ignored our suggestion and proceeded to address that particular violation. So it would be a fair reading that he did consider. Right. As Judge Williams suggested, so it would be a fair reading, would it not, that he did consider it? Important, yes, I think so. Government's suggestion. And either thinking that, you know, it was significant and so he wanted to hear it, or, I mean, you're right, we're speculating as to the judgment the District Court made. Well, and to be truthful, we opened the door by presenting the evidence, so I don't want to be critical of the sentencing judge here. I think maybe he was just being thorough, maybe he gave it some special importance, but I don't believe he said that it had any particular significance, as opposed to, say, the June 27th incident. Again, at the very most, we feel that these are issues the judge could clarify and remand. There's no basis for sending it to a different judge for a full blown sentence. And you would agree, would you not, that the heart of that 32.1 in terms of balancing the interests is because, you know, this is almost like the catch-all exception to the hearsay rule in that, I mean, I understand reliability is a component of it, but when you have a situation like this, particularly where there's no corroboration whatsoever other than the statement of the father, that the evidence is really thin, I mean, I think that's part of why the drafters wanted that balancing of interests when it's this kind of hearsay coming in. Right. I guess, I mean, there was some corroboration in this case to the extent that we didn't just have the father marching in and saying, this is what my daughter told me over the telephone. We had the recording, and I debated whether to bring the recording with me and play it today. I thought that would be a bit theatrical, but if you do that, you can see why the judge found it reliable, given the tendency of children to blame themselves for their parents' problems and all of those things that we mentioned in our brief. Thank you very much. We would ask you to affirm. Thank you. Thank you, Your Honor. Just real brief. If you were to listen to the phone call that was admitted into evidence by the government, you will hear no words. What you will hear is sobbing. There is nothing in the phone call that corroborates any of the testimony that was testified to by the father. In other words, there are no independent statements that would be gleaned from that phone call. I'd like to make sure that that's very clear on the record. Second of all, I would like to point out the fact that it seems as though the government is relying on the reliability of the evidence standard. That simply seems to be, at least pursuant to the Mosley case, the constitutional analysis. That would require that we ignore the analysis under Rule 32.1b2c. And if we look at that, reliability is only part of the evidence. And when the government fails to, at the hearing, introduce information as to why the child is not present, then that tips in favor of Mr. Moslavik, not in favor of the government. And while, in the words of the government, why the girl was not presented should have been obvious, it was not stated on the record. And if the system generally starts to rely on it, it should have been obvious, standard for purposes of jurisprudence. I think that we get into a slippery slope on all cases. And so I would ask that the court reverse remand. Ms. Scott, in this case, in Jordan we did not, we sent it back to the original judge. What would point, and of course all the cases are somewhat different, what would point toward if we have a limited remand or a full sentencing, going to a different judge when all we apparently have is a failure to indicate whether or not he considered it. We don't have a situation of refusal to consider it necessarily. In fact, the implication is he's aware of the July incident. So I guess I'm wondering why or what there is that would indicate that this judge couldn't clarify and further expand on what we would require under Jordan. I think that it's possible to clarify why, I think it's possible to clarify under the balancing test whether or not he would have deemed the evidence admissible under 32.1B2C. I think what becomes more difficult is when then announcing, like hypothetically say the judge says it is not admissible under the rule. He's already heard all of the evidence. He's already made very specific determinations with regard to how aggravating that evidence is. He specifically chose in the original proceeding to decline the invitation of the government to not rule on that evidence to be quite frank. So it's seemingly impossible that if we were to proceed forward in front of that same judge that even were he to rule in our favor on the rule of 32.1 issue that he would then ignore the evidence that he chose to allow to come in over the urging of the government after the fact. So for that reason, I believe it should be an affirmative judgment. So with your position of a new judge, you would want a full resentencing? A full resentencing, that is correct, Your Honor. Okay. Thank you. Thank you. Thank you, Ms. Collins. The case is taken under advisement.